**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BETHANY DOWNS<br><br>     Plaintiff,<br><br>  v.<br><br>WALMART INC., JOHN DOES 1-10 (WALMART SUPERVISORS), JOHN ROES 1-10 (WALMART EMPLOYEES), ABC CORPS 1-10 (POTENTIALLY LIABLE BUT UNKNOWN BUSINESS ENTITIES),<br><br>     Defendant. | C.A. No. _____<br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Walmart Inc. ("Walmart"), by and through its undersigned counsel, hereby removes the above-captioned matter from the Superior Court of New Jersey, Mercer County, Law Division, to the United States District Court for the District of New Jersey. Removal is proper based on the following:

**Proceedings to Date**

1. On June 13, 2024, Plaintiff Bethany Downs ("Plaintiff") commenced a civil action in the Superior Court of New Jersey, Mercer County, Law Division, in a case styled *Bethany Downs v. Walmart Inc., John Does 1-10 (Walmart Supervisors), John Roes 1-10 (Walmart Employees), ABC Corps 1-10 (Potentially Liable but Unknown Business Entities),* Docket No. MER-L-001161-24.

2. Pursuant to 28 U.S.C. § 1446(a), copies of the Civil Action Summons, Complaint and Jury Demand, and other documents served upon Walmart on June 18, 2024, which together constitute all of the process or pleadings served upon Walmart, are annexed hereto as **Exhibit A**.

**Timeliness of Removal**

3.      Plaintiff served Walmart with process on June 18, 2024. Walmart removed this action within thirty (30) days of being served with the Summons and Complaint. Therefore, Walmart timely removed this matter, pursuant to 28 U.S.C. § 1446(b)(2).

**Basis for Removal - Diversity Jurisdiction**

4.      This action is removable to this Court pursuant to 28 U.S.C. §1441(a) in that, as detailed below, it is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the Parties are citizens of different states.

5.      According to the Complaint, Plaintiff relocated to New Jersey from Ohio in or about Fall of 2022. *See* Compl. at ¶ 10.  Plaintiff was further employed by Walmart in New Jersey for at least one year, from October 2022 to October/November 2023.  *Id.* at ¶¶ 11-51.  Further, according to records in Walmart's possession, Plaintiff's last known address is in the State of New Jersey.  Accordingly, Plaintiff is a citizen of the State of New Jersey.

6.      Defendant Walmart is a citizen of Delaware and Arkansas because it was incorporated in Delaware and its principal place of business is in Arkansas. *See* 28 U.S.C. § 1332(c)(1). Thus, there is complete diversity between Plaintiff, on the one hand, and Defendant Walmart, on the other.

7.      Defendants, John Does 1-10 (Walmart Supervisors), John Roes 1-10 (Walmart Employees), ABC Corps 1-10 (Potentially Liable but Unknown Business Entities), named herein should not be considered for diversity purposes. *See* 28 *U.S.C.* § 1441(b)(1) (citizenship of defendants sued under fictitious names are disregarded for purposes of determining diversity of citizenship).

8.      In addition, the amount in controversy exceeds $75,000, despite Plaintiff not

2

specifying a monetary sum of damages in the Complaint. Plaintiff brings claims for hostile work environment sexual harassment, retaliatory discharge, and disparate treatment and discrimination based on gender under the New Jersey Law Against Discrimination ("LAD"). *See* Compl. at ¶¶ 59-79. For each of these claims, Plaintiff seeks "compensatory damages, punitive damages, together with counsel fees, costs of suit, and other relief as the Court may deem just and proper." Based on the remedies available to prevailing plaintiffs under the LAD, it is reasonably anticipated that the total amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Raspa v. The Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (a "request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of plaintiff's claim is below the statutory minimum"); *Wolfe v. Nobel Learning Communities, Inc.*, Civ. A. No 06-3921, 2006 WL 3825137, at *2 (D.N.J. Dec. 26, 2006) (amount in controversy requirement satisfied where it does not appear to a legal certainty that plaintiff cannot recover in excess of $75,000 on her claims).

9. Front pay, back pay, and emotional distress damages are considered for purposes of determining whether the amount in controversy threshold is met. *See Young v. Bloomingdale's Short Hills*, No. CV 2:21-10764 (WJM), 2021 WL 4170025, at *3 (D.N.J. Sept. 14, 2021). Punitive damages and attorneys' fees are also part of the amount in controversy calculation. *See Atl. Util. Trailer Sales Inc. v. Harco Nat'l Ins. Co.*, No. CV 20-02349, 2020 WL 3287129, at *2 (D.N.J. June 18, 2020); *Frederico v. Home Depot*, 507 F.3d 188, 198–99 (3d Cir. 2007).

10. According to records in Walmart's possession, Plaintiff's employment was terminated on November 3, 2023, at which point she held the full-time hourly position of Front End Services Team Associate and earned $15.30 per hour. Assuming acceptable mitigation efforts by Plaintiff and Plaintiff's continued unemployment through a trial close date of July 3, 2025,

3

Plaintiff's potential award of back pay damages could exceed $53,244.00, exclusive of any benefits Plaintiff would have received from Walmart. *See Andujar v. Gen. Nutrition Corp.*, No. CV 14-7696(JS), 2018 WL 1087494, at *10 (D.N.J. Feb. 28, 2018), *aff'd,* 767 F. App'x 238 (3d Cir. 2019). Additionally, Plaintiff earned $15.30 per hour as a full-time employee, or approximately $612 per week, which, when annualized, results in earnings of $31,824. Accordingly, assuming Plaintiff can satisfy the factors to be considered when examining an award of front-pay, Plaintiff's potential recovery of just two and a half years of front pay alone would exceed the amount in controversy threshold. *See Quinlan v. Curtiss–Wright Corp.*, 425 N.J. Super. 335, 350 (App. Div. 2012) (factors to consider when determining front pay: 1) plaintiff's potential future in the position from which he was terminated; 2) his work and life expectancy; 3) his obligation to mitigate damages; and 4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment). Thus, Plaintiff's potential compensatory damage award could exceed $75,000.

11.    Plaintiff also may be able to recover more than $75,000 in emotional distress damages. New Jersey courts have upheld emotional distress damage awards that were more than that amount. *See* e.g., *Velez v. Rocktenn Co., No. A-4097-14T3, 2018 WL 3613393, at *14 (App. Div. July 30, 2018) (*upholding a jury verdict for plaintiff, awarding her $75,000 and $50,000 for emotional distress for her LAD hostile work environment sexual harassment and retaliation claims, respectively); *Schiavone v. Dep't of Corr.*, No. A-3963-17T1, 2019 WL 7187462, at *9 (App. Div. Dec. 26, 2019) (affirming a jury verdict awarding plaintiff $100,000 in emotional distress damages on her gender-based hostile work environment claims under the LAD).

12.    Further, the punitive damages requested by Plaintiff – either on their own or in combination with the compensatory damages requested by Plaintiff – also show that the amount

11404924v1

in controversy threshold is satisfied. *See* e.g., *Norton v. Karistos Corp.,* No. A-4030-13T2, 2015 WL 8485157, at *11 (App. Div. Dec. 11, 2015) (upholding an award of $100,000 in punitive damages to former employee in action for race associational harassment, sexual harassment, and retaliatory discharge under LAD); *Schiavone*, *supra*, 2019 WL 7187462, at *9 (affirming a jury verdict awarding plaintiff $216,875 in punitive damages on her gender-based hostile work environment claims under the LAD).

13.     Lastly, Plaintiff's request for attorneys' fees satisfies the amount in controversy requirement as attorneys' fees in excess of $75,000 have routinely been awarded in LAD cases. *See e.g., Corbin v. America Home Crafters Remodeling, Inc.,* No. CAM-L-002043-20, 2022 WL 3701305, at *1 (N.J. Super. May 13, 2022) (awarding Plaintiff attorneys' fees in the amount of $138,190.00 and costs and expenses in the amount of $3,703.91); *Schiavone*, *supra*, 2019 WL 7187462, at n.1 (noting the trial judge also awarded plaintiff $585,014.35 in counsel fees and costs on her gender-based hostile work environment claims under the LAD).

14.     Thus, based on the damages alleged in the Complaint and the other relief requested by Plaintiff, the amount in controversy is well over $75,000, exclusive of interest and costs.[1]

15.     Accordingly, this Court has original subject matter jurisdiction over this civil action, pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**<u>Venue</u>**

16.     This action is currently pending in the Superior Court of New Jersey, Mercer County, Law Division, which is within this judicial district. 28 U.S.C. § 110. Accordingly, this

---

[1] The amounts of potential damages and attorneys' fees set forth in this Notice are provided for removal and jurisdictional purposes only. Walmart expressly denies that Plaintiff is entitled to any of the relief sought in the Complaint.

11404924v1

Court is the proper venue for removal. 28 U.S.C. § 1441(a).

## Notice

17.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being submitted for filing to the Clerk of the Superior Court of New Jersey, Mercer County, and is being served upon counsel of record for Plaintiff.

## Conclusion

18.     For the foregoing reasons, Walmart removes this action from the Superior Court of New Jersey, Mercer County, Law Division to this Court.

19.     By filing this Notice, Walmart does not waive any defects in service of process, venue, or personal jurisdiction, nor any objections, exceptions, or defenses to the Complaint. Walmart also does not admit any allegations in the Complaint.

**WHEREFORE**, Walmart hereby removes this action from the Superior Court of New Jersey, Mercer County, Law Division to the United States District Court for the District of New Jersey.

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

By: *s/ Luis C. Hansen*
        Salvador P. Simao, Esq.
        Luis C. Hansen, Esq.
        Latiqua M. Liles, Esq.
        15 Independence Boulevard, Suite 420
        Warren, New Jersey 07059
        Tel. (908) 758-2785
        ssimao@constangy.com
        lhansen@constangy.com
        lliles@constangy.com
        *Attorneys for Defendant Walmart Inc.*

Dated: July 16, 2024

6

11404924v1

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

To the best of my knowledge, other than the action filed in the Superior Court of New Jersey, Mercer County, Law Division, which is the subject of this Notice of Removal, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*s/ Luis C. Hansen*
Luis C. Hansen

7

11404924v1